IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of: | ) ) | No. 41319-5-III |
| RUSSELL LEWIS MEYER, | ) ) | UNPUBLISHED OPINION |
| Petitioner. | ) ) | |

MURPHY, J. — Russell Meyer seeks relief from person restraint imposed for his 2023 convictions of sexual exploitation of a minor and two counts of third degree rape of a child.[1] He argues his judgment and sentence is facially invalid because the sentencing court imposed a term that exceeded the statutory maximum on counts one, two, and three. He requests the matter be remanded to strike the 36 months of community custody on each of the challenged counts. The State concedes the matter should be remanded to correct the sentence on counts one, two, and three. We accept the State's concession, grant Mr. Meyer's personal restraint petition, and remand for the superior court to strike the community custody terms on counts one, two, and three.

## BACKGROUND

Mr. Meyer pleaded guilty to sexual exploitation of a minor (count one), two counts of third degree rape of a child (counts two and three), and second degree possession of depictions of a minor engaged in sexually explicit conduct (count four).

---

[1] Mr. Meyer was also convicted of second degree possession of depictions of a minor engaged in sexually explicit conduct (count four), but he does not challenge the sentence imposed on that count.

On September 15, 2023, Mr. Meyer came before the Benton County Superior Court for sentencing. Because Mr. Meyer had an offender score of nine, the standard range for counts one, two, and three was the statutory maximum. The court accordingly imposed a term of total confinement of 120 months on count one, 60 months on count 2, and 60 months on count three—the statutory max for each corresponding count. The court also imposed 36 months of community custody on each count.

Mr. Meyer did not appeal. His judgment and sentence was therefore final on the date it was filed, September 15, 2023. RCW 10.73.090(3)(a). Mr. Meyer filed the present personal restraint petition, his first, on July 3, 2025.

## ANALYSIS

Although more than one year has passed since Mr. Meyer's judgment became final, the matter is not time barred if his judgment and sentence is invalid on its face. RCW 10.73.090(1).

RCW 9.94A.701(10) mandates that the "term of community custody specified by this section shall be reduced by the court whenever an offender's standard range term of confinement in combination with the term of community custody exceeds the statutory maximum for the crime as provided in RCW 9A.20.021." The statutory maximum for count one, sexual exploitation of a minor—a class B felony, is 10 years. RCW 9.68A.040(2); RCW 9A.20.021(1)(b). The statutory maximum for counts two and

three, third degree rape of a child—a class C felony, is 5 years. RCW 9A.44.079(2); RCW 9A.20.021(1)(c).

For each of the three challenged counts—counts one, two, and three—the term of total confinement imposed, combined with the 36 months of community custody, exceeded the statutory maximum for the corresponding crime.[2] The judgment and sentence is therefore invalid on its face. Accordingly, Mr. Meyer's timely personal restraint petition is granted, and the matter is remanded to the sentencing court to strike the community custody terms on counts one, two, and three.[3]

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Murphy, J.

WE CONCUR:

_____     _____
Lawrence-Berrey, C.J.                Staab, J.

---

[2] Count four, not challenged here, is a class B felony and therefore has a maximum sentence of ten years. RCW 9.68A.070(2)(b); RCW 9A.20.021(1)(b). Mr. Meyer was sentence to the top end of the standard range for his offender score, receiving 84 months of total confinement with 36 months of community custody. The sentence for count four is therefore within the statutory maximum.

[3] The State's concession and this court's grant of Mr. Meyer's requested relief obviate the need for a reply brief from Mr. Meyer. RAP 10.2(d).